**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

PRECISION PRESS, INC., d/b/a
ANDERSON BROTHERS PRINTING
COMPANY,

    Plaintiff,

vs.

MLP U.S.A., INC.,

    Defendant.

No. C09-4005-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANT'S AMENDED MOTION
TO CONFIRM ARBITRATION
AWARD AND PLAINTIFF'S
MOTION TO VACATE
ARBITRATION AWARD**

_____

**TABLE OF CONTENTS**

*1.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Arbitration Decision and Award* . . . . . . . . . . . . . . . . . . . . 3
      *1.   Findings of fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      *2.   Legal conclusions* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *C. Post-Arbitration Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . 8

*II.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *A. Motion to Vacate Arbitration Award* . . . . . . . . . . . . . . . . . . . . 9
      *1.   Does state or federal law apply?* . . . . . . . . . . . . . . . . . . 9
      *2.   Review under the FAA* . . . . . . . . . . . . . . . . . . . . . . . 14
   *B. Motion to Confirm Arbitration Award* . . . . . . . . . . . . . . . . . . 18

*III.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## 1. INTRODUCTION

Plaintiff Precision Press, Inc., d/b/a Anderson Brothers Printing Company ("Anderson Brothers"), is an Iowa corporation with its principle place of business in Sioux City, Iowa. Anderson Brothers is in the printing business. Defendant MLP U.S.A., Inc. ("MLP") is a Delaware corporation with its principle place of business in Lincolnshire, Illinois. MLP sells and services commercial sheetfed, newspaper, and web offset presses manufactured by Mitsubishi Heavy Industries, Ltd. ("Mitsubishi"). Anderson Brothers purchased a Mitsubishi 3000R-8CC-XXX Press from MLP in 2008. After the press's installation, a dispute arose between Anderson Brothers and MLP over the press's operation. Anderson Brothers contends it had difficulties with the press immediately, reported the problems it was experiencing, but MLP was unable to remedy them. Anderson Brothers alleges that it gave timely notice to MLP that it was rejecting the press. MLP contends Anderson Brothers failed to give it a reasonable amount of time to repair or replace the press, and the problems Anderson Brothers was experiencing did not breach the press's express warranty.

### A. *Procedural Background*

Anderson Brothers filed the present action on January 20, 2009, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Count I of Anderson Brothers's Complaint seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the sales agreement is null and void for failure of its essential purpose. In Count II, Anderson Brothers asserts a claim for breach of contract, alleging that the press did not perform as represented and MLP failed to remedy the press's performance and mechanical problems.

Before answering Anderson Brothers's Complaint, MLP filed a Motion To Dismiss, or Alternatively, To Stay Pending Arbitration. MLP asserted a lack of subject matter

jurisdiction due to an arbitration clause in the parties' sales agreement, and requested dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, MLP requested arbitration be ordered and this case stayed pending completion of the arbitration proceedings. Anderson Brothers filed a timely resistance to MLP's motion in which it asserted, *inter alia*, that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, does not govern this dispute and this case falls outside the scope of the Sales Agreement's arbitration clause. MLP, in turn, filed a timely reply brief. On June 1, 2009, I entered a memorandum opinion and order granting in part and denying in part MLP's motion. I concluded the sales agreement's arbitration clause is governed by the FAA and the parties agreed to arbitrate the issues involved in this litigation. I ordered the parties to arbitrate their dispute. The case was stayed and the parties submitted their dispute to a panel of the American Arbitration Association for resolution.

### B. The Arbitration Decision and Award

On July 26, 2010, the arbitration panel issued its written opinion and award, in favor of MLP. I will briefly summarize the arbitration panel's findings of fact and legal conclusions.

#### 1. Findings of fact

MLP salesperson Mike Stock solicited Anderson Brothers's business. Stock's oral representations concerning the press's capabilities were general and in the nature of "puffing." He did not intentionally make any statements which he knew were false.

On March 26, 2008, Anderson Brothers and MLP executed a sales agreement for Anderson Brothers' purchase of a Mitsubishi 3000R-8CC-XXX Press (Serial No. 4582) from MLP. The sales agreement was amended on April 23, 2008. The press was to be installed at Anderson Brothers's facility in Sioux City, Iowa. The sales agreement stated

a total purchase price of $3,898,000, less a $225,000 trade-in allowance for a net purchase price of $3,673,000.

The sales agreement contains, in relevant part, the following warranty language:

> 6. <u>Warranty and Warranty Disclaimer</u>
>
> (a) Seller warrants that the Equipment manufactured by Mitsubishi Heavy Industries, Ltd. (MHI) and sold hereunder will be designed and manufactured to conform within the specifications attached hereto, and will be free from defects in material and workmanship for a period of three (3) years from the date of "Start-Up" of the Equipment (See Schedule D). Seller's sole and exclusive liability under Seller's warranty for Equipment manufactured by Mitsubishi Heavy Industries, Ltd. (MHI) and sold hereunder and Purchaser's sole and exclusive remedy shall be for Seller to replace or repair, at its discretion, any defective equipment or part thereof.
>
> (b) SELLER'S WARRANTY HEREIN IS IN LIEU OF AND EXCLUDES ALL OTHER WARRANTIES, EXPRESS, IMPLIED, OR STATUTORY, OR OTHERWISE CREATED UNDER APPLICABLE LAW INCLUDING, BUT NOT LIMITED TO, THE WARRANTY OF MERCHANTABILITY AND THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. IN NO EVENT SHALL SELLER BE LIABLE FOR SPECIAL, INCIDENTAL OR COLLATERAL DAMAGES, INCLUDING LOSS OF PROFITS, WHETHER OR NOT CAUSED BY OR RESULTING FROM THE SHIPMENT,

DELIVERY, ERECTION, ASSEMBLY, INSTALLATION, NEGLIGENCE, OR ANY ACTION OF SELLER ARISING FROM OR RELATED TO THIS AGREEMENT.

Exhibit 1006, Sales Agreement ¶ 6(a)-(b) (docket no. 26-3). The press's performance specifications are set out in Schedule "B " and include the press's capability to use paper with a minimum thickness of .0016" at a pile height of 43" at a speed of 11,000 sheets per hour in perfecting mode.

The Sales Agreement also contains the following arbitration clause:

> Except for Seller's right to seek collection of payments due or replevin of the Equipment referenced herein in accordance with its security interest in the event of Purchaser's failure to provide for return of the same in violation of this Agreement, all disputes and claims arising out of or in any way related to this Agreement, or arising in connection with this Agreement and all disputes and claims regarding any alleged defects in the Equipment shall be resolved exclusively by final and binding arbitration conducted in Chicago, Illinois, pursuant to the American Arbitration Association's Model Commercial Arbitration Rules. The arbitration shall be before a panel of three (3) arbitrators. The arbitration opinion and award shall be final and binding upon the parties and enforceable by any court of competent jurisdiction. Seller and Purchaser shall share equally all costs of arbitration (except their own attorneys' fees).

Exhibit 1006, Sales Agreement ¶ 12 (docket no. 26-3). Among the sales agreement's miscellaneous provisions is a choice of law clause, which provides: "This Contract Shall be construed in accordance with the laws of the state of Illinois." Exhibit 1006, Sales Agreement ¶ 13(g) (docket 26-3).

MLP shipped the press to Anderson Brothers on July 31, 2008. Anderson Brothers experienced problems with the press, including unacceptable color, roller problems, and

5

excessive curl. Anderson Brothers told MLP about the problems and demanded that they be remedied. MLP sent its top technicians to Anderson Brothers's facility and directly consulted Mitsubishi about the press. MLP's technicians made several modifications to the press but the results were inconsistent and the curl was still apparent. The quality of the press's printing still did not meet Anderson Brothers's expectations. MLP was willing to continue its attempts to correct the problems with the press when Anderson Brothers decided to permanently shut the press down on January 19, 2009. MLP asked for, but was denied, the opportunity to perform a Graphic Arts Technical Foundation ("GATF") test on the press after January 19, 2009.

### 2. *Legal conclusions*

The panel determined Anderson Brothers accepted the press, but attempted to revoke its acceptance. The panel further concluded Anderson Brothers's attempted revocation was invalid because Anderson Brothers failed to give MLP an adequate and reasonable amount of time to replace or repair the equipment. The panel found the parties' sales agreement was a valid, binding contract. The panel further found the press's performance in January 2009 did not breach any express warranty, and Anderson Brothers did not have a right to assert implied warranties of merchantability and fitness for a particular purpose under the sales agreement. The panel also rejected Anderson Brothers's claims of fraudulent misrepresentation and violations of the Illinois Consumer Fraud Act, explaining:

> In carefully reviewing the testimony, we find Mike Stock's representations concerning the capabilities of the Press were general and in the nature of "puffing." For the most part, he merely agreed with the buyer's own expectations of what a perfecting press using UV printing could accomplish.

6

Anderson Brothers' own witnesses concede that Mike Stock did not intentionally make any statements he knew to be false. Furthermore, there were no material representations concerning "curl," "no use of spray powder," "pallet to pallet" or full loads. We believe that Anderson Brothers were swayed by its own investigation and due diligence, even in light of its initial skepticism.

Having found no support for any fraudulent or material misrepresentations, both counts VI and VII of the Third Amended Counterclaim fail.

Arbitration Final Award at 5 (docket no. 23-4).

The panel awarded the following:

1. The Panel finds all issues in favor of Claimant MLP, Inc. and against Respondent Precision Press, doing business as Anderson Brothers;

2. The Panel declares that Anderson Brothers is in default of the Sales Agreement dated March 26, 2008 for failure to pay sums due and owing thereunder;

2. Anderson Brothers is hereby directed to permit MLP to repossess the Press, at MLP's expense, and to do nothing to interfere with such repossession. MLP shall conduct a sale of the Press in accordance with the Uniform Commercial Code, free and clear of liens, with the proceeds of sale to be credited against the contract price owed by Anderson Brothers;

3. MLP is not liable for Fraudulent Misrepresentation or violation of the Illinois Consumer Fraud Act.

4. Pursuant to Section 12 of the Sales Agreement, and Rule 43 of the Commercial Arbitration Rules of the American Arbitration Association (the "Association"),

> the parties shall share equally in the administrative fees and expenses of the Association totaling $13,500.00 and the compensation and expenses of the arbitrators totaling $106,960.24. In addition, each party shall bear its own attorney fees. Accordingly, MLP shall reimburse Anderson Brothers the sum of $250.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Anderson Brothers.
>
> 5. Any claim not expressly granted herein is denied. This Award is submitted in satisfaction of all claims submitted to arbitration.

Arbitration Final Award at 6 (docket no. 23-4) (misnumbering in original).

### C. Post-Arbitration Proceedings

Following the arbitration panel's award, on November 15, 2010, MLP filed its Amended Motion to Confirm Arbitration Award requesting, pursuant to 9 U.S.C. § 9, that I confirm the arbitration award, enter judgment against Anderson Brothers in conformity with the arbitration award and dismiss Anderson Brothers's claims against it. Anderson Brothers resisted MLP's motion and filed its Motion to Vacate Arbitration Award. In its motion, Anderson Brothers contend Illinois law should govern my review of the arbitration award, and argues the arbitration decision must be vacated because it is completely irrational and shows a manifest disregard for the law. Specifically, Anderson Brothers argues the arbitration panel knowingly ignored clearly established precedent on what constitutes a reasonable time to repair the press and this resulted in an erroneous decision. MLP, in turn, resisted Anderson Brothers's motion and filed a reply brief in support of its motion. MLP argues federal law, and not Illinois law, should govern. MLP contends review of an arbitration award under federal law is limited to the four circumstances listed

8

in 9 U.S.C. § 10, and manifest disregard for the law is not one of those circumstances. Thus, MLP argues Anderson Brothers's manifest disregard of the law claim is not a ground for vacating the arbitration award under the FAA. MLP, alternatively, argues Anderson Brothers has not established, under either Illinois or federal law, that the arbitration panel showed manifest disregard for the law. Finally, MLP contends the arbitration award was not completely irrational. Anderson Brothers responded by filing a timely reply brief, arguing the arbitration panel manifestly disregarded the law in its award.

## II. LEGAL ANALYSIS

### A. *Motion to Vacate Arbitration Award*

#### 1. *Does state or federal law apply?*

Initially, I must determine whether federal or Illinois law applies to Anderson Brothers's Motion to Vacate Arbitration Award. The arbitration panel award was based on Illinois law, which the parties do not dispute. Anderson Brothers, however, argues Illinois law should also govern my review of the arbitration panel's award, while MLP argues federal law, the FAA, should govern. This is a pivotal determination because, under Illinois law, courts are permitted to vacate arbitration awards that show a "manifest disregard for the law." *See First Health Group Corp. v. Ruddick*, 911 N.E.2d 1201, 1214 (Ill. App. Ct. 2009); *Anderson v. Golf Mill Ford, Inc.*, 890 N.E.2d 1023, 1029 (Ill. App. Ct. 2008); *Quick & Reilly, Inc. v. Zielinski,* 713 N.E.2d 739, 743 (1999).[1] The United

---

[1]The Illinois Court of Appeals offered this explanation of the "manifest disregard of the law" standard:

(continued…)

States Supreme Court has held, under federal law, the FAA contains the exclusive grounds for vacating or modifying arbitration awards. *Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008). Following *Hall Street*, federal courts of appeals have held manifest disregard of the law claims "are not included among those specifically enumerated in § 10 and are therefore not cognizable." *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010); *see Air Line Pilots Ass'n Int'l v. Trans States Airlines, L.L.C.*, ---F.3d---, 2011 WL 1642627, at *4 (May 3, 2011) (explained *Hall Street* "eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law."); *see also Frazier v. CitiFinancial Corp., L.L.C.,* 604 F.3d 1313, 1322–24 (11th Cir. 2010) (noting prior circuit case law recognized "manifest disregard" as a "non-statutory ground[ ] for vacatur," but holding "our judicially-created bases for vacatur are no longer valid in light of *Hall Street* "); *Citigroup Global Mkts. Inc. v. Bacon,* 562 F.3d 349, 350 & 355–58 (5th Cir. 2009) ("[M]anifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA."); *Ramos–Santiago v. United Parcel Serv.,* 524 F.3d 120, 124 n.3 (1st Cir. 2008) (stating, in a non-FAA case, that under *Hall Street* "manifest disregard of the law is not a valid ground for vacating or modifying an arbitral award in cases brought under the . . . FAA"). *But see Stolt–Nielsen*

---

[1](…continued)
> "[T]o vacate an arbitration award for manifest disregard of the law, there must be something beyond and different from mere error in law or failure on the part of the arbitrators to understand or apply the law; it must be demonstrated that the majority of arbitrators deliberately disregarded what they knew to be the law in order to reach the result they did."

*Quick & Reilly, Inc.,* 713 N.E.2d at 743 (quoting *Health Servs. Mgmt. Corp. v. Hughes,* 975 F.2d 1253, 1267 (7th Cir. 1992)).

*SA v. AnimalFeeds Int'l Corp.*, 548 F.3d 85, 93–95 (2d Cir. 2008) (holding manifest disregard of the law is "a judicial gloss on the specific grounds for vacatur enumerated in section 10 of the FAA, remains a valid ground for vacating arbitration awards." ), *rev'd on other grounds,* 130 S. Ct. 1758 (2010); *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1281, 1289–90 (9th Cir.) (concluding "*Hall Street Associates* did not undermine the manifest disregard of law ground for vacatur, as understood in this circuit to be a violation of § 10(a)(4) of the Federal Arbitration Act, and that the arbitrator manifestly disregarded the law."), *cert. denied,* 130 S. Ct. 145 (2009).

The sales agreement contains both arbitration and choice of law clauses. The arbitration clause states:

> Except for Seller's right to seek collection of payments due or replevin of the Equipment referenced herein in accordance with its security interest in the event of Purchaser's failure to provide for return of the same in violation of this Agreement, all disputes and claims arising out of or in any way related to this Agreement, or arising in connection with this Agreement and all disputes and claims regarding any alleged defects in the Equipment shall be resolved exclusively by final and binding arbitration conducted in Chicago, Illinois, pursuant to the American Arbitration Association's Model Commercial Arbitration Rules. The arbitration shall be before a panel of three (3) arbitrators. The arbitration opinion and award shall be final and binding upon the parties and enforceable by any court of competent jurisdiction. Seller and Purchaser shall share equally all costs of arbitration (except their own attorneys' fees).

Exhibit 1006, Sales Agreement ¶ 12 (docket no. 26-3). The choice of law clause provides: "This Contract Shall be construed in accordance with the laws of the state of Illinois." Exhibit 1006, Sales Agreement ¶ 13(g) (docket no. 26-3).

Anderson Brothers contends Illinois law should govern because of the parties' incorporation of a choice of law clause in paragraph 13(g) of the Sales Agreement. Eighth Circuit precedent does not support that proposition. In *UHC Mgmt. Co. v. Computer Sciences, Corp.,* 148 F.3d 992, 996-97 (8th Cir. 1998), discussing case law before and after the Supreme Court's decision in *Mastrobuono v. Shearson Lehman Hutton,* 514 U.S. 52 (1995), the Eighth Circuit concluded it "will not interpret an arbitration agreement as precluding the application of the FAA unless the parties' intent that the agreement be so construed is abundantly clear." *UHC Mgmt.,* 148 F.3d at 996-97; *see Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 729 n. 9 (8th Cir. 2001) ("The construction of an agreement to arbitrate is governed by the FAA unless the agreement expressly provides that state law should govern."); *see also Puerto Rico Tel. Co. v. U.S. Phone Mfg. Corp.,* 427 F.3d 21, 29 (1st Cir. 2005) (holding "every circuit that has considered the question . . . [has] held that the mere inclusion of a choice-of-law clause within the arbitration agreement is insufficient to indicate the parties' intent to contract for the application of state law concerning judicial review of awards"), *rev'd on other grounds by Hall St. Assocs.,* 128 S. Ct. at 1396 (2008); *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 711-12 (6th Cir. 2005) (holding general choice of law provision did "not unequivocally suggest an intent to displace the default federal standard"), *rev'd on other grounds by Hall St. Assocs.,* 128 S. Ct. 1396 (2008); *Roadway Package Sys. v. Kayser,* 257 F.3d 287, 288-89 (3d Cir. 2001) ("We hold that a generic choice-of-law clause, standing alone, is insufficient to support a finding that contracting parties intended to opt out of the FAA's default regime."), *rev'd on other grounds by Hall St. Assocs.,* 128 S. Ct. at 1396 (2008); *Porter Hayden Co. v. Century Indemn. Co.,* 136 F.3d 380, 382 (4th Cir. 1998) ("[A]bsent a clearer expression of the parties' intent to invoke state arbitration law,

we will presume that the parties intended federal arbitration law to govern the construction of the Agreement's arbitration clause.").

Like the sales agreement here, the contract in *UHC Management* contained an arbitration clause that was silent as to whether state or federal arbitration law applied. *UHC Mgmt.,* 148 F.3d at 994. The contract in *UHC Management* contained a choice-of-law clause stating, "[t]o the extent not preempted by ERISA or other federal law, this Agreement shall [be] governed by and construed under the laws of the State of Minnesota." *Id*. The Eighth Circuit Court of Appeals held, from the language in the agreement, it could not divine an intent on the parties to preclude application of the FAA, noting:

> The agreement makes no reference to the Minnesota Uniform Arbitration Act or to Minnesota case law interpreting the allocation of powers between arbitrators and courts. Moreover, the choice-of-law clause itself specifically provides that Minnesota law must yield whenever preempted by federal law, which cuts against the argument that the parties intended that the FAA not apply.

*Id*. at 997.

The choice of law clause here is even more generic than the choice of law clause addressed in *UHC Management*, providing only: "This Contract Shall be construed in accordance with the laws of the state of Illinois." Exhibit 1006, Sales Agreement ¶ 13(g) (docket no. 26-3). The choice of law clause here does not even state that the sales agreement is governed by Illinois law, only that it is "construed in accordance" with Illinois law. The Sales Agreement makes absolutely no reference to the Illinois Uniform Arbitration Act. The opposite is true. Instead of referring to state law or state rules, the clause states arbitration will be conducted "pursuant to the American Arbitration Association's Model Commercial Arbitration Rules." Such a generic choice-of-law clause,

13

utterly silent on whether state arbitration rules govern the agreement, as a matter of law, fails to make the parties' intent to apply state arbitration law "abundantly clear." *UHC Mgmt.,* 148 F.3d at 997; *see Emerson*, 248 F.3d at 729 n. 9; *Puerto Rico Tel. Co.,* 427 F.3d at 29; *Jacada, Ltd.,* 401 F.3d at 711-12; *Sovak*, 280 F.3d at 1270; *Roadway Package Sys.,* 257 F.3d at 288-89; *Porter Hayden Co.,* 136 F.3d at 382. As the Sixth Circuit Court of Appeals has noted:

> Most contracts include a choice-of-law clause, and, thus, if each of these clauses were read to foreclose the application of the substantive law enacted by Congress in the FAA, the FAA would be applicable in very few cases. Such an interpretation of the FAA is simply not viable, as it would effectively emaciate the Act itself.

*Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 938 (6th Cir. 1998). Thus, I find the sales agreement's general choice of law clause did not displace the FAA because the clause does not make the parties' intent to use Illinois arbitration law "abundantly clear."

### 2. Review under the FAA

In 1925, Congress enacted the FAA "in response to widespread judicial hostility to arbitration agreements." *At&T Mobility L.L.C. v. Conception*, ---S. Ct.---, 2011 WL 1561956, at *4 (Apr. 27. 2011); *see Hall St. Assocs., L.L.C.,* 552 U.S. at 584 ("Congress enacted the FAA to replace judicial indisposition to arbitration with a "national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'") (quoting *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443 (2006)); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (noting Congress enacted the FAA to abolish "the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts. . . ."); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 510-11 (1974) (noting FAA

enactment "revers[ed] centuries of judicial hostility to arbitration agreements"). The United States Supreme Court has recognized that the FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 128 S. Ct. 978, 981 (2008); *see Buckeye Check Cashing, Inc.*, 546 U.S. at 444; *Gilmer*, 500 U.S. at 25; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc*. 473 U.S. 614, 625 (1985); *Southland Corp. v. Keating,* 465 U.S. 1, 16 (1984).

"[R]eview of an arbitration award under the Federal Arbitration Act is exceedingly limited and deferential." *St. John's Mercy Med. Ctr. v. Delfino,* 414 F.3d 882, 884 (8th Cir. 2005); *Williams v. National Football League*, 582 F.3d 863, 883 (8th Cir. 2009) (noting a court's "'review is restricted by the great deference accorded arbitration awards.'") (quoting *Winfrey v. Simmons Foods, Inc.,* 495 F.3d 549, 551 (8th Cir. 2007)); *Bureau of Engraving, Inc. v. Graphic Commc'n. Int'l Union, Local 1B,* 284 F.3d 821, 824 (8th Cir. 2002) ("Judicial review of a final arbitration award is extremely narrow."); *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471,* 80 F.3d 284, 287 (8th Cir. 1996) (noting reviewing courts must accord "an extraordinary level of deference" to the underlying arbitration award). Under this deferential review, courts may not "'reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.'" *Bureau of Engraving, Inc.,* 284 F.3d at 824 (quoting *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36 (1987)). "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Bureau of Engraving, Inc.,* 284 F.3d at 824 (quoting *Misco, Inc.,* 484 U.S. at 38); *see Medicine Shoppe Int'l, Inc.*, 614 F.3d at 489 ("Courts have no authority to reconsider the merits of an arbitration award, even when

15

the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract.").

The FAA "supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs., L.L.C.,* 552 U.S. at 582. As the Court explained in *Hall Street*:

> Under the terms of § 9, a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one.

*Hall St. Assocs., L.L.C.,* 552 U.S. at 582. In *Hall Street*, the Court held 9 U.S.C. § 10 provides the FAA's "exclusive ground[]" for vacating an arbitration award. Section 10(a) provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and

definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Thus, a court's review of a motion to vacate an arbitration award is limited to the exclusive grounds listed in § 10 of the FAA.[2]

Prior to *Hall Street,* the Eighth Circuit Court of Appeals recognized

> "two extremely narrow judicially created standards for vacating an arbitration award. First, an arbitrator's award can be vacated if it is completely irrational, meaning it fails to draw its essence from the agreement. . . . The second

---

[2]Section 11 of the FAA provides further grounds for "modification or correction" of an arbitration award by a reviewing court, but neither party is seeking such relief pertinent here. Section 11 provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
>
> > (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> >
> > (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> >
> > (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

17

judicially created standard for vacating an arbitration award is
when the award evidence[s] a manifest disregard for the law."

*Williams*, 582 F.3d at 883 (quoting *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003)); *see MX, Inc. v. Zotec Solutions, Inc.*, 163 Fed. App'x 446, 446-47 (8th Cir. 2006). *Hall Street*, as previously noted, "eliminated judicially created vacatur standards under the FAA, including manifest disregard for the law." *Air Line Pilots Ass'n Int'l*, ---F.3d---, 2011 WL 1642627, at *4; *Medicine Shoppe Int'l, Inc.*, 614 F.3d at 489 (holding "an arbitral award may be vacated only for the reasons enumerated in the FAA."); *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) (same).

Neither Anderson Brothers's ground, that the arbitration panel's decision was in manifest disregard of the law nor it ground that the arbitration panel's decision was completely irrational, are among those listed in § 10, and are thus not cognizable. *See Hall Street,* 552 U.S. at 586; *Air Line Pilots Ass'n Int'l*, ---F.3d---, 2011 WL 1642627, at *4; *Medicine Shoppe Int'l, Inc.*, 614 F.3d at 489. Anderson Brothers has not established grounds under the FAA for vacation of the arbitration award, and its Motion to Vacate Arbitration Award is denied.

### *B. Motion to Confirm Arbitration Award*

In its Amended Motion to Confirm Arbitration Award, MLP argues the arbitration award should be confirmed pursuant to 9 U.S.C. § 9. Anderson Brothers resists the motion on the same grounds raised in its Motion to Vacate Arbitration Award. Section 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the

18

> arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.

A district court with diversity jurisdiction over a case, which stays the action pending arbitration pursuant to 9 U.S.C. § 3, has both the power and jurisdiction to confirm any resulting arbitration award. *Smart v. Sunshine Potato Flakes, L.L.C.,* 307 F.3d 684, 685 (8th Cir. 2002); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 203 (2000) ("the court with the power to stay the action under [9 U.S.C.] § 3 has the further power to confirm any ensuing arbitration award.").

"Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall Street,* 552 U.S. at 582; *see UHC Mgmt.,* 148 F.3d at 999 ("On a motion for confirmation, [federal courts] have no power to selectively modify the award to delete such an order from the [arbitrator's] decision unless one of the circumstances detailed in section[s 10 or] 11 of the FAA applies."); *see also Bosack v. Soward,* 586 F.3d 1096, 1102 (9th Cir. 2009) (noting

19

that confirmation is required unless award vacated or modified as prescribed under 9 U.S.C. §§ 10 or 11), *cert. denied,* 130 S. Ct. 1522 (2010).

As I have already determined that Anderson Brothers has failed to demonstrate any ground for vacation of the arbitration award under the FAA, confirmation of the arbitration award is required. *See Hall Street,* 552 U.S. at 582; *UHC Mgmt.,* 148 F.3d at 999. MLP's Amended Motion to Confirm Arbitration Award is granted and Anderson Brothers's Motion to Vacate Arbitration Award is denied.

### III.  CONCLUSION

Plaintiff Anderson Brothers has not established any grounds under the FAA to vacate the arbitration award and its Motion to Vacate Arbitration Award is denied. Under the deferential standard of review, because there is no ground to vacate the arbitration award in favor of defendant MLP and against plaintiff Anderson Brothers, defendant MLP's Amended Motion to Confirm Arbitration Award is granted and Anderson Brothers's Motion to Vacate Arbitration Award is denied. Therefore, I order judgment be entered in favor of MLP and against Anderson Brothers in accordance with the terms of the arbitration award.

**IT IS SO ORDERED.**

**DATED** this 11th day of May, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA